## Marion Appeal

*Paul R. Selecky*, for Liquor Control Board.

*Rocco C. Falvello*, for appellants.

APONICK, J., September 21, 1954.—This is an appeal from an order of the Pennsylvania Liquor Control Board refusing to transfer a liquor license. Counsel have stipulated that the record of the hearing held by the board's examiner should be considered as having been taken by the court.

There is no dispute as to the facts. Appellants are husband and wife. They own the building to be licensed. From 1933 to 1951 the husband had a liquor license and during that time was thrice cited by the board for violations; in 1938 his license was suspended for two months for a variety of violations; in 1945 it was

suspended for 35 days because of Sunday sales. There were no arrests or convictions in connection with any of these citations nor is there any record of any arrest or conviction of any kind against either applicant.

In February of 1951, after the last citation, but before its disposition, the license was sold to John and Edward Allen, who became lessees of the premises. The written lease provided that the license could not be transferred from the premises and at the expiration of the lease was to be transferred to appellants or their nominee.

The only reason assigned by the board for its refusal to transfer is that the male appellant was not of good repute because of the three citations above. There is in the record a letter from appellants' pastor who states that they are "good church members" and "good people", statements made with knowledge of the above citations. (The letter was accepted by agreement in lieu of the clergyman's presence at the hearing.)

More than three years have elapsed since the last citation and from its disposition. A somewhat similar situation was presented in Appeal of Russell J. Balliet, 22 Lehigh 444. It was there held that inasmuch as the legislature provided in section 410 of the (special sessions) Act of November 29, 1933, P. L. 15, 47 PS §744-410, that a revocation should not be a bar beyond three years, by analogy, the stigma for violation of the liquor laws should ordinarily not extend beyond the same period. To the same effect are Zeamer's License Appeal, 50 Lanc. 427, and Refusal of Liquor License—Roggi, 17 Wash. 104. There is nothing in the instant case to require an extension beyond the three years which have already elapsed.

Accordingly, the appeal is sustained and the Pennsylvania Liquor Control Board is directed to make the transfer as prayed for.